Your case for this morning is United States v. Tom Smith, III. Mr. Robinson. Good morning, Your Honors, and may it please the Court, on behalf of Tom Smith, I know he would want to be here today if he could. Your Honor, as you know from the brief, it's a very, very narrow issue. Mr. Smith received a precipitous increase in his sentence as a result of an Indiana prior offense for something called dealing in cocaine. Sounds like a controlled substance offense to almost everyone you talk to. The problem is the Supreme Court has made it pretty unclear on how common sense should be used and presented us with some good legal issues here for Mr. Smith. Just the argument is that simply because the Indiana offense in dealing in cocaine can be committed for either having a financial interest in a drug transaction or through intermediary for personal use. Because of those two facts, the Indiana statute punishes conduct that's broader in scope than the definition of controlled substance offense under the guidelines. Just a threshold question here. Do we know what he was actually convicted of? We know what he was charged with based on the charging document that's in the record, but he pleaded it down to a lesser included offense? He pled guilty to the offense of dealing in cocaine. But which one? The class A or the class B felony, the one with the enhancement for three grams or more or the base offense? It was the base offense. It was not, there was not an enhancement for three grams or more. As a matter of fact, when you look at the charging documents, the offense itself, forgive me, you threw me for a second because I wasn't focusing on the drug amounts or anything like that. However, when it comes to the analysis, you would deal with the modified categorical approach to get there and we can't get to that approach because categorically by lining up the... This case suffers from a great deal of conceptual incoherence. Let's start at the beginning. What was he convicted of? Do we have the judgment of conviction in the record? Yes, it's in the precedent investigation report. The state offense. It's not in the PSR. Is the judgment of conviction in the record or do the parties agree, is there no dispute about what he was convicted of? There's no dispute about what he was convicted of. It's simply a matter of arguing the statute. Which subsection of the state offense did he plead guilty to and was convicted of? Your Honor, I can't answer that. We need to know that in order to analyze whether there's a categorical match with the guidelines description of the qualifying offense for purposes of the enhancement. Your Honor, the descriptions of the offense are in the pre-sentence investigation report and that's what the judge relied upon. We're talking about Indiana Code 3548-4-1, right? Yes. To start with. That's right. It has subsections and so I think what Judge Sykes is asking you is which subsection describes his conviction. A-1-A. Excuse me, 41-4-1-A, subsection A. That's the statute that was analyzed. That's the statute that was listed in the pre-sentence report. That's the statute and it has alternatives. It's phrased in the alternative and your argument is that one of those alternatives, the finances, two of those alternatives, finances the manufacturer of or finances the delivery of, actually four of them, or possesses with intent, I'm sorry, that's the sub-two offense. We're not under sub-two. This was not a possession with intent. Exactly. We're under sub-one. This is sub-one. That's what I thought. And sub-one has that finances alternative, which makes it not a categorical match with the guidelines offense because it's broader. Correctly. And that brings up the modified categorical approach, which is to say we need to know which of these alternatives he was convicted of, the A-1 alternatives. Forgive me because I would respectfully disagree that we get to the modified categorical approach at all. I don't think you can get there just simply because what was in the record and what this enhancement is based upon is the information in the pre-sentence investigation report. But that's a question of law. How does Indiana approach these four options under sub-part one of its statute? Under Mathis, are they different offenses, in which case we can look at the Shepard documents, or are they simply different ways of committing a single offense? I have to say, looking at decisions from the Indiana Court of Appeals and the Indiana Supreme Court, it looks like it treats them as separate offenses, in which case we can figure out from the Shepard documents which offense did he commit, and you've just stood there and said he did not commit either of the financing offenses. So he committed an offense that is within 4B1.2. Right. Again, I think I am not relaying something appropriately, and the Indiana state law, in my reading of it, isn't clear on the aspect of whether or not these are different elements or different means of committing the one offense. And if they are means of committing one offense, then the statute, just because there's commas and ors... As an abstract proposition, that's, of course, correct. If they're means, it's one thing if they're elements, but the Indiana cases seem to rely on one or the other of these, not just the whole group. And since I see what you're saying, Your Honor, I understand. I would just respectfully disagree based on the Mathis decision. There's nothing definitive in any of these Indiana decisions that I've read or cited by the government in its brief that would indicate whether or not these are different elements or whether or not they are alternative means of committing the offense. And so I look to state case law, and I find two cases where someone's been convicted of dealing in a controlled substance where it would not fit the controlled substance definition. One is the Basha case, and the other is the Keibler case. Both of those decisions, I understand, were overruled eventually by the Indiana Supreme Court. However, those two decisions were the decisions in place at the time that Mr. Smith sustained his conviction. But we also have Collins, where the Indiana Supreme Court says to convict Collins of delivering cocaine under 3548.4.1, the state has to prove these various things. There's Watson against state, again, which focuses on delivery. There's Tyson against state, where it appears that it was a specific subsection. I'm not going to try to tell you that we do have these two unpublished and thus non-precedential decisions from Indiana that seem to go in the other direction, which Heisch then puts to one side. But there's a lot of indication from Indiana's own courts that it's divisible. I think those indications come only as a result of the way that those courts had to decide the issue. None of those decisions did the Indiana Supreme Court or the Court of Appeals state that these are elements. Well, how could they have? I mean, they didn't have a crystal ball. It wasn't 2016, so they didn't know what Mathis was going to say. Well, certainly. And they couldn't predict what the Supreme Court is going to do with this, and neither can I, Your Honor. And simply put, I'm looking at the Mathis decision. I'm looking at case law around the country, and I see that this is developing and changing. What's common sense today and what is precedent today may change tomorrow based upon the way the Supreme Court has been handling these career offender, armed career criminal cases. And frankly, I will get to, and I know I'm using up my rebuttal time, and that's fine, frankly. There is an unpublished case that just came out from the Seventh Circuit that the government correctly filed a Rule 28J letter. I appreciate that. I would simply say that that is a distinguishable decision in the fact that it is dealing with the armed career criminal rather than the controlled substance offenses. But it's also based primarily on the fact that Heiss came out and fixed the problem with the Vacha and the Kibler cases to make it clear at that point. So certainly, hindsight is 20-20, but at this point, when Mr. Smith was convicted in that time period, he could have been convicted of dealing in cocaine without it being a controlled substance offense. With that, Your Honor, we would simply ask for Mr. Smith to have a new sentencing hearing. Thank you. Thank you. Mr. Wrights. May it please the Court, Brian Wrights of the United States. Let me start by, to the extent that I can, attempting to clear up the conceptual difficulty. So we have the charging information from the state offense and the record at Record 40-54-1, and it indicates that Mr. Smith was charged with possession with intent to deliver, which is subsection A to C. He ultimately pleaded guilty to a lesser-included offense. I don't believe the judgment of conviction is in the record, but the lesser-included offense, I believe, would have been because of the lesser drug amount. And spinning off sort of what the Court, especially in Anderson, just said about the divisibility, because Indiana treats each subsection as distinct elements, I don't think there's any reason to believe that he was charged with possession to deliver, but then was pleaded guilty to a lesser-included offense of financing. So I think we can be satisfied that, based on the Shepherd documents, it was possession with intent to deliver, which is A to C. How did the pre-sentence writer get the conviction record from the judgment? Because the pre-sentence writer doesn't tell us what statutory subsection he was convicted of. Right. I'm not exactly sure about that, Your Honor. When we, in our sentencing hearing or motion, we filed the charging document, I don't exactly know how the probation office got the... Because the whole, I mean, the statute is called Dealing in Cocaine or Other Narcotic Drug. Correct. So to tell us that he was convicted of Dealing in Cocaine doesn't really tell us anything. Right. And that's what the pre-sentence writer has told us. So we do need to know which of the cocaine-dealing crimes he was convicted of. Right. Unless it's stipulated, and maybe there was an agreement about that. I just don't know. I don't recall that there was a stipulation, so I don't want to indicate that. But the charging information was possession with intent to deliver. So the charging information was not financing. So we have that. And the way Indiana seems to treat these subsections, which what Anderson just said is divisible, so it really, it seems odd that one would be charged with possession with intent to deliver and plead to a lesser included on the financing. Of course, we think financing qualifies as not overly broad anyway, so that's irrelevant. But it seems like from what Lopez Lynch said and what Anderson just said, divisibility might be the... Well, Lopez was not presented with, the court was not presented with an argument about the application note, which sweeps in inchoate crimes, including aiding and abetting. And as I understand, your argument is that financing qualifies. And therefore, the statute isn't overbroad on its face, so we don't even have to get to the next step in the analysis. Right. I think that we win under either divisibility. I should say under either the categorical approach or the modified categorical approach looking at statute at whole. Indiana treats financing as raising or furnishing funds. That would qualify. I mean, that even Voucher, which is one of the cases Mr. Smith relies on, it strikes me as a straight conspiracy case or delivery case. I mean, the financing for someone, financing to help someone deliver, financing someone, the manufacturer of a drug, strikes me as a conspiracy, perhaps in certain circumstances it might be aiding and abetting. But it's pretty difficult to find a scenario the way Indiana defines its law that it wouldn't fall under the controlled substance offense. Again, the best case that Mr. Smith has is Kybler. This court five days ago, I know in an unpublished decision, said that was an outlier. I think it's an outlier for at least three reasons. First, it's unpublished. Second, it was subsequently overruled by Heisch. And third, the Indiana Court of Appeals had no reason to address the sufficiency of the evidence because Kybler raised a double jeopardy claim. So it's unprecedential, later overruled, and also not the holding of the decision. And the only case from Indiana- Well, double jeopardy cases help tell us what the state courts consider to be elements of their state crimes, because the first order question in any double jeopardy challenge is the Blockberger elements test. So then only if that statute is satisfied because there are separate elements, do the Indiana courts go to the second order question about whether the facts supplying the unit of prosecution are identical for each of the two separate crimes? Yes, I would caveat that by saying I think a lot of the time in Indiana jurisprudence, it just skips to what they call the actual evidence test. So I think most of the time, it's just about the facts. Right, right. Because the first order question is obvious. There's different elements. Right, which I think is true here. There's different elements with delivery and finance. But that being said- So criminal judgments in Indiana must be matters of public record. Is there any reason if it's not in the record, we couldn't get the judgment? No, Your Honor. It seems to me if the parties would supplement the record with the judgment, it might be useful. We would be happy to supplement the record with a judgment of conviction. I know this court has said that judicial documents, this court can take judicial notice of judicial documents. I don't think there would be any contest about whether that was a document from a court. So yes, we'd be happy- If Mr. Robinson wants to say anything about the judgment, he's free to do that. But the judgment itself, it seems to me it's a matter of public record. It speaks for itself. I would say, assuming we can obtain it, which I would have to think we would be able to, we would be happy to supplement- I would like you to undertake an issue in order, asking you to do that then. All right. We will attempt to do that. And if that says possession with intent to deliver as the charging information does, I don't think there's any dispute about- And then if the statute is divisible, which this court has held in a recent unpublished decision, agreed, then the court wouldn't have to address the financing. So we think we went on that. Okay. If there are no further questions, we'll attempt to supplement the record. Thank you. All right. I see none. Thank you. Mr. Robinson, I think you were short on time, but I'll give you a minute here. Thank you, Your Honor. And certainly, if you have any comments to make about the judgment, you are free to do so. Certainly, Your Honors, the matters of public record for this court is certainly something you can consider. I realize that. And that would be great. The pre-sentence report, though, was the only evidence on the record concerning what he was actually convicted of, and it lists dealing in cocaine. Which is the statutory title. I understand. It doesn't tell us much. I think that's partly my point of the decision made by the court. It just went to the modified categorical approach without dealing with the categorical approach in determining whether or not these were divisible or not. Thank you very much, Your Honor. All right. Thank you very much. Thanks to both counsel. We'll take the case under advisement.